IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NORRIS CLARK, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:11-CV-405-Y |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| DIVISION, | § | |
|     Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

### B. PARTIES

Petitioner Norris Clark, TDCJ #648948, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Beeville, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

## C. PROCEDURAL BACKGROUND

On July 20, 1993, pursuant to a plea agreement, petitioner pleaded guilty to aggravated sexual assault of a child in Tarrant County, Texas, and was sentenced to forty years' confinement. (Pet. at 2; 03State Habeas R. at 25[1]) Petitioner has been reviewed for release to parole by the Texas Board of Pardons and Paroles (the Board) on at least four occasions, most recently on August 17, 2011, but denied release.[2] By way of this petition, petitioner challenges the Board's August 17, 2011, denial and the retroactive application of current parole laws to him. Petitioner raised the claims presented in this petition in a state habeas application, filed on November 16, 2010, which was denied by the Texas Court of Criminal Appeals without written order on February 23, 2011. (03State Habeas R. at cover) This petition is deemed filed on June 10, 2011.

## D. ISSUES

Petitioner asserts the Board violated his state and federal constitutional rights by "impairing the contractual nature of his plea agreement," and "by acting in excess of their lawful authority by arbitrarily applying a new statute towards petitioner in violation of the separation of powers." (Pet. at 6; Pet'r Memorandum of Law at 2-6)

---

[1] "03State Habeas R." refers to the state court record for petitioner's state habeas Application No. WR-33,493-03.

[2] This is petitioner's third federal habeas petition filed in this court. In this and the second petition, petitioner challenged the Board's denial of his release on parole. *Clark v. Quarterman*, No. 4:08-CV-601-A.

2

## E. RULE 5 STATEMENT

Respondent believes that petitioner has properly exhausted his state court remedies as to the issues raised and that the petition is neither barred by limitations or the successive-petition bar. (Resp't Ans. at 4)

## F. DISCUSSION

A habeas corpus petitioner under 28 U.S.C. § 2254 must claim violation of a federal constitutional right to be entitled to relief.[3] *Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998). Texas prisoners have no federal constitutional right or expectancy to early release on parole. *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). The decision to parole or not to parole is discretionary under Texas law. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Texas parole statutes, past and present, do not create a protectible liberty interest which would implicate federal due process considerations. *Wallace v. Quarterman*, 516 F.3d 351, 355 (5th Cir. 2008); *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995).

Further, petitioner's argument based on separation of powers concerns state branches of government, and does not implicate the federal separation of powers doctrine. *Sweezy v. New Hampshire*, 354 U.S. 234, 255 (1957); *Attwell v. Nichols*, 608 F.2d 228, 230 (5th Cir. 1979). Nor does the Board's retroactive application of § 508.046 of the Texas Government Code, requiring favorable vote of two-thirds of the entire Board to grant parole to certain offenders, including those

---

[3] To the extent petitioner claims application of the current parole laws violates his rights under the Texas Constitution, he fails to state a claim(s) cognizable on federal habeas review. *Sharp v. Johnson*, 107 F.3d 282, 290 (5th Cir. 1997); *Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir. 1993).

3

convicted of aggravated sexual assault, violate the Ex Post Facto Clause because it is a discretionary rule addressing a prisoner's "suitability, not eligibility, for parole." (Pet'r Ex. A) *Wallace*, 516 F.3d at 355-56. *See also* TEX. GOV'T CODE ANN. § 508.046 (Vernon Supp. 2010).

Finally, nothing in the plea agreement touches on the issue of parole, and petitioner neither alleges nor demonstrates that the prosecutor made any representations regarding the parole laws at the time of his plea. (01State Habeas R. at 55B) Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his petition to be of probative evidentiary value. *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1993).

The state courts' denial of habeas relief is in accord and is neither contrary to, or involve an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d). Thus, petitioner is not entitled to federal habeas relief.

## II. RECOMMENDATION

It is therefore recommended that petitioner's petition be denied.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December 1, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass*'n, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until December 1, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November \_\_\_\_1\_\_\_\_, 2011.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

5